Dear Mr. Reese:
You requested an opinion from this office concerning the legal guidelines for donations by political subdivisions. The questions raised by your correspondence were:
 1. Under what circumstances may a political subdivision make donations to other government entities or charitable organizations?
 2. Under the exemption concerning "use of public funds for programs of social welfare for the aid and support of the needy", does the term "funds" include property and other things of value?
 3. Under the criteria for a "cooperative endeavor", what is the permissible disparity in values between the donation made and the benefit received by the political subdivision?
Donations of public funds or property is generally barred by the Louisiana Constitution of 1974 Article 7 Section 14 which provides:
 (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. . . .
Under this provision, the donation of public funds or property to public or private entities is unconstitutional. This includes government entities and charitable organizations. However, there are two narrow exceptions to this prohibition: programs of social welfare and cooperative endeavors serving a public purpose.
Programs of social welfare. Article 7 Section 14 (B) of the Louisiana Constitution of 1974 permits "the use of public funds for programs of social welfare for the aid and support of the needy; . . ." the term "needy" typically has been interpreted as impoverished or indigent. This provision has been construed to include the use of public property as well as finds for social welfare purposes.
Cooperative endeavors. Subpart C of Article 7, Section 14 provides:
 For a public purpose, the state and its political subdivisions or political corporations may engage in cooperative endeavors with each other, with the United States or its agencies, or with any public or private association, corporation, or individual.
In Op.Atty.Gen. No. 84-832, the law was interpreted to allow contribution of funds to a non-profit corporation for a transit feasibility study. In Op.Atty.Gen. No. 83-494, we stated that political subdivisions could enter into a cooperative endeavor to provide financial assistance to the Cane River Waterway District.
However, the mere existence of a "cooperative endeavor" does not automatically justify the donation of public funds or property. The criteria for a cooperative endeavor include: (a) that the endeavor serve a public purpose, (b) that the community receive a direct benefit, and (c) that the value of the donation is commensurate with the benefit received. Op.Atty.Gen. No. 83-1044. Cooperative endeavors are determined on a case-by-case basis.
Previous opinions of this office have addressed the application of these criteria. Op.Atty.Gen. No. 85-245 concluded that the after hours use of school facilities by private individuals was unconstitutional absent a cooperative endeavor. Op.Atty.Gen. No. 83-783 and 83-1044 stated that public funds could not be used to support non-profit educational and cultural organizations unless the criteria for cooperative endeavor could be met.
While there are no specific limits on the disparity in values between the donation made and the benefit received, some correlation in values must exist for the donation to be permissible. In Op.Atty.Gen. No. 83-1044, this office concluded that those values must be commensurate. Clearly, a situation requiring a substantial donation of public funds yet realizing only nominal or limited benefit would not meet the criteria for cooperative endeavors.
In conclusion, public funds and property may not be loaned, pledged or donated for any purpose unless pursuant to a social welfare program for the indigent or a cooperative endeavor which serves a public purpose and realizes direct benefit to the community. The benefit received must be commensurate in value with the funds or property donated. These exceptions are to be determined on a case-by-case basis.
Hopefully, this opinion will render some assistance in forming your policy regarding donations. If our office can be of further assistance to you, do not hesitate to contact us.
Sincerely yours,
William J. Guste, Jr. Attorney General
By: Kendall L. Vick Assistant Attorney General Chief Counsel
 Office of the Attorney General State of Louisiana